UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONI SPILLMAN

VERSUS

RPM PIZZA, INC., ET AL

CIVIL ACTION

NUMBER 10-349-BAJ-SCR

consolidated with

TONI SPILLMAN

VERSUS

DOMINO'S PIZZA LLC, ET AL

CIVIL ACTION

NUMBER 10-592-BAJ-SCR

**This Magistrate Judge's Report applies only to CV 10-592**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 26, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONI SPILLMAN
                                                CIVIL ACTION
VERSUS
                                                NUMBER 10-349-BAJ-SCR
RPM PIZZA, INC., ET AL

consolidated with

TONI SPILLMAN
                                                CIVIL ACTION
VERSUS
                                                NUMBER 10-592-BAJ-SCR
DOMINO'S PIZZA LLC, ET AL

**This Magistrate Judge's Report applies only to CV 10-592**

**MAGISTRATE JUDGE'S REPORT**

Before the court is the plaintiffs' Motion to Remand or, Alternatively, Request for Ruling on Jurisdiction or, Alternatively, Request for Administrative Closure. Record document number 48. The motion is opposed.[1]

**Background and Procedural History**

The detailed procedural history of these cases is set out in the defendants' opposition memorandum and does not need to be repeated. Three months after filing a Class Action Complaint in this court alleging claims under the Telephone Consumer Protection

---

[1] Record document number 61.

Act (TCPA)[2] the plaintiff filed essentially the same suit in state court styled as a Class Action Petition for Damages, Statutory Penalties, and Injunctive Relief. Defendant Domino's Pizza LLC promptly removed the state court Class Action Petition to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332 and the Class Action Fairness Act (CAFA). The state court case became CV 10-592, and the two cases were consolidated. Plaintiff moved to remand CV 10-592, essentially arguing that no individual putative class member's claim meets the $75,000 amount in controversy requirement for subject matter jurisdiction under § 1332(a).

For the reasons argued by the defendants, the plaintiff's motion to remand should be denied.

### Class Action Fairness Act

Enacted on February 18, 2005, CAFA amended the diversity jurisdiction requirements for cases brought as class actions. Section 9 of CAFA provides that "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." Pub.L. 109-2, § 9. Pursuant to these revisions, most of which are found in § 1332(d), federal diversity jurisdiction is conferred over class actions where (1) the aggregate amount in controversy exceeds $5,000,000 dollars; (2) minimal diversity is met, i.e. any member of a class of plaintiffs is a citizen of a State different from any defendant; (3) the

---

[2] 47 U.S.C. § 227.

primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more.  Plaintiff does not contest that the general jurisdictional requirements of CAFA found in § 1332(d)(2) were satisfied at the time of removal.

## Analysis

Plaintiff essentially acknowledged that in the Fifth Circuit there is no separate requirement in class action cases brought under the TCPA that at least one member of the proposed class have a claim with an amount in controversy of at least $75,000, the amount in controversy needed when CAFA does not apply.  *Gene & Gene, L.L.C. v. BioPay, LLC*, 541 F.3d 318, 324, (5th Cir. 2008), appeal after remand, ___ F.3d ____ , 2010 WL 4137737 (Oct. 22, 2010).[3]  Relying on the Eleventh Circuit decision in *Cappuccitti v. DirecTV*, 611 F.3d 1252 (11th Cir. 2010)(*Cappuccitti I*), the plaintiff essentially argued that at least one member of the proposed class must meet the $75,000 jurisdictional requirement in § 1332(a).

As noted by the defendants, the decision in *Cappuccitti I* was vacated by the panel which decided it.  The decision was replaced with a decision which holds that subject matter jurisdiction under

---

[3] Three of the plaintiff's attorneys in these consolidated cases, Christopher K. Jones, John P. Wolff, III, and Philip Bohrer, also represented the plaintiff in *Gene & Gene*.

CAFA in class action cases does not require that a putative class member meet the amount in controversy requirement in § 1332(a). *Cappuccitti v. DirecTV*, ___ F.3d ___, 2010 WL 4027719, at *2 (11th Cir. Oct. 15,2010)(*Cappuccitti II*)("There is no requirement in a class action brought originally or on removal under CAFA that any plaintiff's claim exceed $75,000.")  Consequently, *Cappuccitti I* no longer supports the plaintiff's argument for remanding the case. Since this court is still bound by the Fifth Circuit's *Gene & Gene* decision, and there is no reason to believe the Fifth Circuit would soon depart from its *Gene & Gene* decision, there is no basis upon which to grant the plaintiff's motion to remand.

Plaintiff asked this Court to determine whether federal courts in Louisiana will exercise federal question jurisdiction under 28 U.S.C. § 1331 over TCPA claims.  Since the plaintiff's state court Class Action Petition was removed only the basis of diversity jurisdiction, there is no  need to address whether this court could also exercise federal question jurisdiction.

Plaintiff also requested that CV 10-592 be administratively closed if the Court determines that it has subject matter jurisdiction.  Defendants argued that if the Court determines it has subject matter jurisdiction over CV 10-592, the case should be dismissed since there is no need to have two identical actions

4

pending before the Court.[4]

Defendants' Motion to Dismiss This Duplicative Action, which was filed before the plaintiff filed his motion to remand and is pending before the district judge, addresses this issue.[5] Therefore, whether CV 10-592 should be dismissed or administratively closed is not addressed in this magistrate judge's report.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand or, Alternatively, Request for Ruling on Jurisdiction or, Alternatively, Request for Administrative Closure be (1) denied insofar as the plaintiff sought an order remanding CV 10-592, (2) denied insofar as the plaintiff sought a determination of whether the Court has subject matter jurisdiction under § 1331, and (3) denied without prejudice insofar as the plaintiff sought an order administratively closing CV 10-592.

Baton Rouge, Louisiana, October 26, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Both cases are now proceeding under the plaintiff's Third Supplemental and Amending Class Action Complaint. See record document numbers 56, 57, 59 and 60.

[5] Record document number 45.