UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONI SPILLMAN, individually and
on behalf of the Class

VERSUS

DOMINOS PIZZA, LLC and RPM
PIZZA, INC.

CIVIL ACTION

NO. 10-349-BAJ-SCR

## RULINGS

This matter is before the Court on motions to dismiss filed by defendant, RPM Pizza, LLC ("RPM") (docs. 16 & 65), and by defendant, Domino's Pizza, LLC ("Domino's") (docs. 20 & 63). Plaintiff, Toni Spillman, individually and on behalf of the putative class, has opposed the motions (docs. 21, 22 & 78). Defendants have replied to the opposition (docs. 38 & 40) and plaintiff has filed sur-replies (docs. 72 & 73). Jurisdiction is based on 28 U.S.C. § 1332.

## PROCEDURAL HISTORY

Plaintiff filed a Class Action Complaint on May 20, 2010, alleging that "RPM and/or Domino's" violated the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A) and (B) ("TCPA"), by placing thousands of prerecorded phone calls and text message advertisements to residential and cellular phone lines without the recipients' consent. Plaintiff seeks to bring this action on behalf of herself and a class of similarly situated persons in Louisiana, Mississippi, and Alabama, and she asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)

because at least one member of the putative class is a citizen of a state different from that of defendants and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

According to the complaint, plaintiff, Toni Spillman, never provided her telephone number to defendants and never consented to calls, but nevertheless "received multiple prerecorded phone message calls from Domino's and/or RPM on her cellular telephone within the last four years" (doc. 1, ¶¶ 7, 15-21). The complaint also alleges that defendants placed prerecorded telephone calls to many residential telephone numbers, but does not allege that any such calls were made to plaintiff's residence.[1]

On August 9, 2010, plaintiff amended the complaint to address the description of the parties (doc. 28). A Second Supplemental and Amending Class Action Complaint was filed on October 12, 2010, "amending, restating and renumbering the entire Complaint to remove all allegations and statements related to the transmission of text message advertisements" (doc. 57). The second supplemental and amended complaint further alleges that Domino's is responsible for RPM's violations of the TCPA because "Domino's is the national franchiser of Domino's Pizza stores." (Id. at 3). On October 15, 2010, plaintiff filed a Third Supplemental and Amending Class

---

[1]The original complaint also addresses text messages, but plaintiff no longer seeks to assert a claim arising out of text messaging. See (Third Supplemental and Amended Complaint, doc. 60; and docs. 72, 73, p. 2).

Action Complaint (doc. 60). The third supplemental and amended complaint prays for a jury trial and alleges that defendants violated the TCPA by initiating telemarketing calls to wireless and residential telephone subscribers while failing to: (1) have a written policy for maintaining a do-not-call list; (2) inform and train personnel to use a do-not-call list; (3) record a do-not-call list when requested; (4) honor do-not-call requests within a reasonable time; and (5) provide the name of the caller and the individual on whose behalf the call is made, as well as a working telephone number or address where the person or entity may be contacted.

The first motions to dismiss were filed prior to any amendments to the complaint. The subsequent motions to dismiss were filed after the third supplemental and amended complaint, but while the parties continued filing memoranda addressing the prior motions. RPM argues that the complaint violates Rule 8 of the Federal Rules of Civil Procedure and Supreme Court mandates because it consists of naked assertions without factual enhancement, and, therefore, fails to provide fair notice of the grounds for suit. Domino's argues that plaintiff fails to allege that Domino's transmitted any of the alleged calls or caused them to be transmitted. Domino's also argues that the claims relating to cellular telephone calls and violations of FCC regulations are based entirely on conclusory allegations without proper factual allegations. Both defendants argue that plaintiff's complaint fails to allege that she received any calls on a residential line, and that she, therefore, lacks standing to assert such a claim. They further argue that, because

the initial complaint was filed on May 20, 2010, prescription bars any claims arising prior to May 20, 2009.

Plaintiff argues that the allegations in the complaint are sufficient to apprise RPM of the grounds for suit. Plaintiff argues that, by alleging that Domino's is the franchiser for RPM, she has alleged facts sufficient to give rise to a reasonable inference that Domino's had sufficient control over RPM to render Domino's vicariously liable for the alleged acts of RPM. Plaintiff also argues that the second amended complaint sets forth a script of the telephone calls which specifically names Domino's and provides the recipient with ways to reach Domino's, thus establishing a reasonable inference that the calls were made by Domino's or on Domino's behalf. Plaintiff further argues that none of its claims are prescribed because the four-year statute of limitations provided by 28 U.S.C. §1658 applies to its claims. Plaintiff also argues that she has standing to assert claims on behalf of plaintiffs who received calls made to residential telephones because the damages are the same as those she incurred when she received calls on her cellular telephone.

## LAW AND DISCUSSION

In determining whether a plaintiff has stated a claim sufficient to avoid dismissal under Rule 12(b)(6), the well-pleaded facts alleged in her complaint are accepted as true and the allegations are construed in the light most favorable to her. *Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230 (5th Cir.

2007); *Milofsky v. American Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005). The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Nevertheless, the court does not accept conclusory allegations, unwarranted factual inferences or legal conclusions as true. *Central Laborer's Pension Fund. v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007). A complaint warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S 544,127 S.Ct. 1955, n. 14, 167 L.Ed.2d 929 (2007).

**STANDING**

Rule 23 provides, in pertinent part, that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . the claims or defenses of the representative parties are typical of the claims or defenses of the class; and . . . the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(3) & (4).

The Fifth Circuit has, more than once, stated:

> the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those they purport to represent. Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.

5

*Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (quoting, *James v. City of Dallas*, 254 F.3d 551, 571 (2001) *cert. denied*, 534 U.S. 1113, 122S.Ct. 919, 115 L.Ed.2d 884 (2002). Moreover:

> To demonstrate commonality, Plaintiffs must allege that there exist "questions of law or fact common to the class." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999). "The test for commonality is not demanding." *Id.;* see also *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993) ("The threshold of 'commonality' is not high." (citations omitted)). All that is required for each class is that there is one common question of law or fact: "The interests and claims of the various plaintiffs need not be identical. Rather the commonality test is met when there is 'at least one issue whose resolution will affect all or a significant number of the putative class members.'" *Forbush*, 994 F.2d at 1106 (quoting *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982)). Therefore, the fact that some of the Plaintiffs may have different claims, or claims that may require some individualized analysis, is not fatal to commonality.

*James*, 254 F.3d at 570.

In the present case, plaintiff alleges that defendants placed prerecorded telephone calls to many cellular and residential telephone numbers without the consent of the recipients. The theory of liability is virtually the same with the single exception that some of the calls are alleged to have been placed to cellular telephones whereas others are alleged to have been placed to residential telephones. That single factual difference is insufficient, by itself, to defeat the commonality requirement under Rule 23(a)(3). Accordingly, defendants' motions to dismiss shall be denied insofar as they seek dismissal of claims due to a lack of

standing under Rule 23(a)(3) of the Federal Rules of Civil Procedure.

**CLAIM AGAINST DOMINO'S PIZZA, LLC**

Though Domino's asserts that the complaint fails to allege that Domino's transmitted any of the alleged calls or caused them to be transmitted, the Second Supplemental and Amending Class Action Complaint alleges that RPM Pizza, by virtue of it's franchise or agency relationship, is obligated to engage in advertising and marketing campaigns to sell Domino's pizzas (doc. 57, ¶1). Moreover, the Second Supplemental and Amending Class Action Complaint includes a script of calls allegedly placed to cellular and residential telephones:

> Order Domino's VIP carry out special, and get any medium one topping hand-tossed pizza for $3.99. That's right, $3.99 medium one-topping carry out. Order three or more, and get them delivered. If you would like to order now, press"1" to be connected to Domino's or call us later today or on Wednesday, and ask for the $3.99 special. Press "1" now to be connected to your Domino's store or call Domino's later today or on Wednesday, and ask for the $3.99 special. Press "1" now to be connected to your Domino's store or call Domino's later today or on Wednesday, and ask for the $3.99 special. This intrastate call meets all FTC and FCC guidelines as of September 2009. If you would like to opt out of future VIP specials, please press "9" now or dial 877-207-3770 from your called number.

(Doc. 57, ¶ 24).

Accepting the above facts as true and construing the allegations in the light most favorable to plaintiff, the Court concludes that the complaint sufficiently alleges that the calls were either placed by Domino's or by a mandatary of Domino's.

Accordingly, the motions to dismiss shall be denied insofar as Domino's seeks dismissal of claims for a failure to allege that Domino's transmitted any of the alleged calls or caused them to be transmitted.

**RULE 8**

Federal Rule of Civil Procedure 8 provides in pertinent part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a).

> "[I]n *Twombly*, the Court drew upon the "reasonably founded hope" and "plausible cause of action" requisites alluded to by *Dura*[2] to formulate a "plausibility" standard that a complaint must satisfy in order to show that the pleader is entitled to relief under Rule 8(a)(2). The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] does not impose a probability requirement at the pleading state; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009)(internal citations omitted) (added emphasis omitted).

"Although [the notice pleading standard set forth by Rule 8(a)(2)] does not require pleading specific facts, the complaint must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson v. U.S. Dept. of Housing and Urban Development*, 554 F.3d 525, 528 (5th Cir. 2008) (quoting, *Bell*

---

[2]*Dura Pharmas, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005).

8

*Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.ed.2d 80 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002).

Upon application of the foregoing principles to the complaint, including the allegations discussed *supra*, the Court finds that the complaint meets the standard of notice pleading set forth by Rule 8(a)(2). Accordingly, the motions to dismiss shall be denied insofar as they seek dismissal of the complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure.

**PRESCRIPTION**

28 U.S.C. §1658 provides, in pertinent part, that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." The TCPA, however, provides, in pertinent part, that:

> A person or entity may, *if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State*- -
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each violation, whichever is greater, or
> (C) both such actions.

47 U.S.C. §227(b)(3) (emphasis added).

"The TCPA presents an unusual constellation of statutory features, *viz.*, the express creation of a private right of action, an express jurisdictional grant to state courts to entertain them, and silence as to federal court jurisdiction of private actions." *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 512 (1997). By granting state courts exclusive jurisdiction over private actions filed under the TCPA, Congress stopped short of creating federal question jurisdiction over those actions. See *Gene And Gene LLC v. Biopay LLC*, 541 F.3d 318, 325, n. 6 (5th Cir. 2008) (citing *Chair King*'s analysis of 47 U.S.C. §227(b)(3) and stating that the Fifth Circuit has "held that Congress did not create federal-question jurisdiction over private actions filed under the TCPA"). Thus, as plaintiff has noted, the Court's subject matter jurisdiction over this matter is based on diversity rather than federal-question jurisdiction. "In diversity cases, we apply federal procedural and evidentiary rules, and the substantive laws of the forum state. Under the Erie doctrine, federal courts apply the statute of limitations that the forum state would apply." *Huss v. Gayden*, 571 F.3d 442, 449-50 (5th Cir. 2009) (internal citations omitted).

Moreover, in addressing Section 227(b)(3) of the TCPA, the United States Supreme Court has stated:

> We note first that the TCPA itself calls for the application of state law. See *Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc.*, 22 App.Div.3d 148, 149-50, 799 N.Y.S.2d 795, 796-797 (federal action authorized in state court "if otherwise permitted by the laws or rules of the court of [the] State" (quoting 47 U.S.C. § 227(b)(3))). See

10

also *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 342 (2d. Cir.2006) (SOTOMAYOR J.) (Congress sought, via the TCPA, to enact the functional equivalent of a state law."). The TCPA, the Supreme Court of Connecticut has recognized, thus "carves out an exception to th[e] general rule that "when *Erie* . . . is reversed . . ., a state court hearing a federal case is normally required to apply federal substantive law": "Under §227(b)(3) . . . it is state substantive law that determines, as a preliminary matter, whether a federal action under the act may be brought in state court." *Weber v. U.S. Sterling Securities, Inc.*, 282 Conn. 722, 736, 924 A.2d 816 (2007) (in TCPA action governed by New York substantive law, [N.Y Civ. Prac. Law Ann.]§901(b) applied even though the claim was pursued in Connecticut state court.)

> Moreover, statutes qualify as "substantive" for *Erie* purposes even when they have "procedural" thrusts as well. See e.g., *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 555, 69 S.Ct. 1221, 1221, 93 L.Ed 1528 (1949); cf. *Woods v. Interstate Realty Co.*, 337 U.S. 535, 536-538, and n. 1, 69 S.Ct. 1235, 93 L.Ed 1524 (1949) (holding diversity case must be dismissed based on state statute, that, by its terms, governed only proceedings in state court). Statutes of limitations are, again, exemplary. They supply "substantive" law in diversity suits, see *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109-112, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), even though, as Shady Grove acknowledges, state courts often apply the forum's limitations period as a "procedural" bar to claims arising under the law of another State, . . . .

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 599 U.S. - -, 130 S.Ct. 1431, 1470-71, 176 L.Ed.2d 311 (2010).

Accordingly, the Court concludes that private actions filed under the TCPA are subject to state statutes of limitation or prescription.[3] The applicable prescriptive

---

[3]Though plaintiff argues that "[o]n several prior occasions, this Court certified TCPA classes including claims over a four year period" (doc. 78, p. 14), plaintiff has not directed the Court to any cases in which this Court specifically addressed the applicable statute of limitation or prescriptive

11

period under Louisiana law is provided by Article 3492 of the Louisiana Civil Code which provides, in pertinent part, that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La.Civ.Code art. 3492.

The record demonstrates that the present action was filed on May 20, 2010 (doc. 1). Therefore, all claims arising prior to May 20, 2009, are prescribed and the motions to dismiss shall be granted insofar as they seek dismissal of claims arising prior to that date.

## CONCLUSION

For all the foregoing reasons, the motions by defendants, RPM Pizza, LLC (docs. 16 & 65) and Domino's Pizza, LLC (docs. 20 & 63) are **GRANTED** insofar as the motions seek dismissal of all claims which arose prior to May 20, 2009, and are **DENIED** otherwise. The motions by defendants for leave to file reply memoranda in further support of the motions to dismiss (docs. 81 & 82) are **DENIED** as moot.

Baton Rouge, Louisiana, February 21, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

period applicable to claims asserted under the TCPA. Moreover, the position advocated by plaintiff would be contrary to the more recent pronouncement of the United States Supreme Court in *Shady Grove* as cited above.