UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY SPILLMAN, Individually
and on Behalf of the Class

VERSUS

RPM PIZZA, INC., and
DOMINO'S PIZZA LLC

CIVIL ACTION

NO. 10-349-BAJ-SCR

**RULING AND ORDER**

This matter is before the Court on a motion (doc. 85) by plaintiff, Toni Spillman, for reconsideration of the Court's Ruling of February 22, 2011 (doc. 83). Defendants oppose the motion (doc. 100). Plaintiff has replied to the opposition (doc. 106); defendants have filed a supplement to its opposition to the motion for reconsideration (doc. 111); and plaintiff has filed a motion for leave to file a supplemental memorandum in support of the motion to reconsider (doc. 112). The Court grants that motion for leave herein and considers the Supplemental Memorandum in Support of Motion for Reconsideration (doc. 112-2).

Plaintiff's motion for reconsideration is directed at the Court's conclusion that the Telephone Consumer Protection Act ("TCPA") is subject to state prescriptive periods rather than the four year federal prescriptive period provided by 28 U.S.C. § 1658. The Court, in concluding that the TCPA is subject to state prescriptive periods, noted that the TCPA provides, in pertinent part, that:

> A person or entity may, *if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State*--
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each violation, whichever is greater, or
> > (C) both such actions.

47 U.S.C. §227(b)(3) (emphasis added).

The Court further noted that Congress granted state courts exclusive jurisdiction over private actions filed under the TCPA while stopping short of creating federal question jurisdiction over those actions. (Doc. 83, p. 10 (citing, *Gene And Gene LLC v. Biopay LLC,* 541 F.3d 318, 325, n. 6 (5th Cir. 2008) (citing *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507, 512 (1997)). Noting further that the Court's jurisdiction in the present case is founded on 28 U.S.C. § 1332, the Court concluded that the applicable prescriptive period in this matter is provided by Article 3492 of the Louisiana Civil Code, which provides, in pertinent part, that "[d]elictual actions are subject to a liberative prescription of one year."

By expressly granting state courts jurisdiction over claims brought pursuant to the TCPA, while also expressly stating that such actions could only be brought only "if otherwise permitted by the laws or rules of court of a State," Congress clearly sought to recognize and respect state policy concerns implicated by claims aserted under the TCPA. To find state prescriptive periods inapplicable would not only be contrary to that clear acknowledgment of state policy concerns but would render

meaningless the plain language of 47 U.S.C. §227(b)(3), which specifies that such actions may be brought only "if otherwise permitted by the laws or rules of court of a State."

Plaintiff also asks the Court to "at least rule that the state limitations periods from Mississippi and Alabama apply to the claims of the class members from those states (doc. 112-2, p. 5). The Court notes, however, that the only plaintiff presently named in this action is a citizen of Louisiana, and no choice of law issue is presently before the Court.

## CONCLUSION

Accordingly, the motion by plaintiff for leave to file a supplemental memorandum in support of the motion for reconsideration (doc. 112) is **GRANTED**, and for the reasons provided above, as well as for the reasons provided in the Court's Ruling of February 22, 2011, the motion by plaintiff, Toni Spillman, for reconsideration (doc. 85) is **DENIED**.

Baton Rouge, Louisiana, June 16, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA