UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONI SPILLMAN, Individually and on Behalf of the Class**<br><br>**VERSUS**<br><br>**RPM PIZZA, INC. and DOMINO'S PIZZA, INC.** | **NO. 3:10-cv-00349—BAJ--SCR**<br><br>**JUDGE BRIAN JACKSON**<br><br>**MAGISTRATE JUDGE RIEDLINGER** |

### RPM PIZZA, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

RPM Pizza, LLC's ("RPM Pizza") submits this memorandum in opposition to the Motion to Compel (Document No. 145, the "Motion") filed by Plaintiff, Toni Spillman, individually and on behalf of the Class (collectively "Plaintiff"). For the reasons set forth below, Plaintiff's Motion should be denied.

### Introduction

Plaintiff's Motion seeks an order compelling RPM Pizza to (1) supplement its responses to each interrogatory propounded to identify any responsive documents by document number; (2) produce an index or other tool to guide Plaintiff to the documents responsive to each interrogatory and request for production; (3) supplement its responses to requests for production of documents to specify, by document number, the documents responsive to each request; (4) organize and label the documents produced to specify the documents responsive to each request; and (5) pay Plaintiff's attorney fees and costs associated with reviewing the documents as produced and bringing the Motion. Plaintiff's Motion appears to be an attempt to shift a significant portion of Plaintiff counsel's trial preparation burden to RPM Pizza likely due to a

misunderstanding of electronically stored information ("ESI") standards. Despite the fact that Plaintiff has asserted the Class is entitled to hundreds of millions of dollars in damages, Plaintiff's counsel is unwilling to assume any burden of evaluating the documents specifically requested to prepare Plaintiff's case. Instead, Plaintiff hopes to rely on RPM Pizza to review, evaluate, and categorize documents for the class and its lawyers.

It should be noted that Plaintiff is not seeking any additional information or documents in the Motion. Plaintiff already is in possession of the **exact same documents produced in the exact same format** as they were captured by RPM Pizza. Despite RPM Pizza's compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff's Motion improperly seeks to compel RPM Pizza to re-review documents already produced in order to identify by specific document number, documents responsive to each new request as well as requiring RPM Pizza to become Plaintiff's counsel's ESI consultant.

All responsive documents have been produced in the manner in which they were kept in the usual course of business. In fact, this process of review and production took over 1,000 hours by a team of attorneys and paralegals. At the conclusion of this production, RPM Pizza and Plaintiff are in the same exact position with respect to the documents produced. Therefore, Plaintiff is as equally equipped as RPM Pizza to search for specific documents. Simply, the burden is no easier on RPM Pizza than it is on Plaintiff. RPM Pizza should not have any further obligations to Plaintiff with respect to these discovery requests and certainly should not bear further burden and expense as a result of Plaintiff's counsel's misappreciation of both the discovery rules concerning the production of ESI and the handling, storage, and review of ESI once produced

Accordingly, this Court should deny Plaintiff's Motion.

**Factual Background**

This class action lawsuit alleges thousands of individual violations of the Telephone Consumer Protection Act ("TCPA"). RPM Pizza owns 135 franchises and has control over all of the documents created and/or housed in each store, including the documents maintained at RPM Pizza's corporate offices in Gulfport, MS. By way of example, asking RPM Pizza to produce "all documents related to advertising methods" would necessarily lead to the identification and capture of hundreds of thousands of documents—most of which would be irrelevant to this lawsuit. Because of this reality, RPM Pizza spent an incredible amount of time and money reviewing and culling its "world" of documents in an effort to provide to Plaintiff only relevant documents as they were kept in the ordinary course of business. This was not a unilateral process as Plaintiff's counsel worked with RPM Pizza to limit the scope of the review by use of search terms and date restrictions. To date, this process has been both cordial and professional and has resulted in the production of roughly 35,000 documents. However as set forth in detail below, Plaintiff's Motion is unfounded and contrary to law.

At the beginning of this process, in June 2011, Plaintiff's counsel sent correspondence to RPM Pizza outlining Plaintiff's two requirements for production: (1) production by RPM Pizza should consist of only native files[1], when applicable; and (2) production by RPM Pizza should be on a two week rolling basis[2], which would allow counsel for RPM Pizza to roll out document productions to Plaintiff while simultaneously conducting a rigorous privilege and relevance review. Due to the incredible volume of RPM Pizza collected files, counsel for Plaintiff and

---

[1] See e-mail from Chris Jones to Dennis Blunt dated June 9, 2011, attached as Exhibit A (with emphasis included) and e-mail from Chris Jones to Beth Levene, John Wolff, Dennis Blunt and Taylor Carroll dated June 10, 2011, attached as Exhibit B. For ease of reference, RPM Pizza has added electronic "highlighting" to the exhibits attached to the memorandum.

[2] See e-mail from Chris Jones to Dennis Blunt dated June 21, 2011, attached as Exhibit C.

3

RPM agreed to use specific search terms limiting the volume to be reviewed and ultimately produced.[3]

On June 3, 2011, RPM Pizza submitted a proposed production format confirming Plaintiff's counsel's requirements.[4] Due to the proprietary and confidential nature of most of the requested documents, the parties also agreed to a protective order to govern the production and use of documents produced by RPM Pizza. The Stipulated Protective Order (Doc. 119) was filed into the record on June 20, 2011, and RPM Pizza began making its document productions on June 24, 2011. RPM Pizza completed its tenth separate production in accordance with Plaintiff's counsel's requirements on September 8, 2011.[5]

It should be noted that RPM Pizza initially withheld a collection of documents as "potentially privileged" and requiring further review. RPM Pizza notified Plaintiff's counsel on September 8, 2011 it would begin re-reviewing those documents deemed potentially privileged and would produce any documents that could be released.[6] RPM Pizza provided its eleventh production consisting of all documents released from privilege on October 19, 2011.[7]

On October 13, 2011 (more than one month after RPM Pizza's review was completed), Plaintiff issued a Third Set of Requests for Production of Documents.[8] As Plaintiff's Third Set of Requests for Production of Documents requested documentation not previously requested, RPM Pizza was required to re-review documents it had already determined irrelevant based on Plaintiff's First and Second Requests for Production of Documents. After an exhaustive

---

[3] See e-mail with attachment from Christy Andra to Chris Jones dated June 3, 2011, attached as Exhibit D.

[4] See e-mail with attachment from Dennis Blunt to Chris Jones dated June 3, 2011, attached as Exhibit E.

[5] See e-mail from Christy Andra to Chris Jones dated September 8, 2011, attached as Exhibit F.

[6] See Exhibit F.

[7] See Exhibit G to Plaintiff's Motion to Compel (Doc. 145-8).

[8] See Exhibit C to Plaintiff's Motion to Compel (Doc. 145-4).

4

supplemental review, RPM Pizza made an additional four productions on April 26, 2012[9] and April 27, 2012[10] in response to Plaintiff's Third Set of Requests for Production of Documents.

## Law and Argument

### A. RPM Pizza's Responses Comply With Rule 33(d)

The Federal Rules of Civil Procedure provide each party with the right to discover non-privileged information "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, as this Court is well aware, the Rules include certain "burden" protections for the producing party. Rule 33(d) is an example of such a provision:

> **Option to Produce Business Records**. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Rather than require a party to engage in burdensome or expensive research into its own records, Rule 33(d) gives the responding party the option to make available the records wherein the information may be found and place the burden of research on the party who seeks it. *See* the Advisory Notes to Rule 33. The responding party can select this option when the expense of compliance is considered unduly burdensome, and thus shift the burden and the expense to the requesting party. *MultiTechnology Services, L.P. v. Verizon Southwest*, 2004 WL 515643, *1 (N.D.Tex. 3/10/04).

---

[9] See e-mail from Christy Andra to Chris Jones dated April 26, 2012, attached as Exhibit G.

[10] See e-mail from Christy Andra to Chris Jones dated April 27, 2012, attached as Exhibit H.

Rule 33(d) allows the production of records in lieu of responses when the burden of deriving or ascertaining the answer will be substantially the same for either party. The fact that the producing party may have, and likely will have, more familiarity with a set of records is not dispositive in weighing the parties' comparative burdens. *Saddler v. Musicland-Pickwick Intern, Inc.*, 1980 WL 333, *1 ( E.D. Tex. 12/22/80). Indeed, if disparity in familiarity necessarily created an inequality in the ease of discovery, the Rule 33(d) option to produce records would rarely be used. *Id.* Rather, the applicability of the rule depends upon the relative difficulty of analyzing the records to derive the information sought. "If both parties will be required to carry out an identical series of steps to obtain the information sought, the burden upon both is substantially the same as required by the rule." *Id.*

Throughout this process, RPM Pizza has gone above and beyond its call of duty to Plaintiff and has kept Plaintiff's counsel informed at each step in the process. RPM Pizza has made fifteen (15) productions of documents in response to Plaintiff's First, Second and Third Sets of Requests for Production of Documents on a rolling basis, and, in order to comply with the provisions of Rule 33(d), RPM Pizza also provided supplemental discovery responses to Plaintiff on April 27, 2012.[11] RPM Pizza's supplemental responses included specific search terms to enable Plaintiff's counsel to locate the documents responsive to each interrogatory. In other words, RPM Pizza did not simply provide Plaintiff's counsel with a "document dump."

Because these documents were produced in native format (at the insistence of Plaintiff's counsel), Plaintiff's counsel can perform targeted searches using any industry standard litigation support software to locate the answers to the interrogatories. Significantly, this is the same exact process RPM Pizza would have to employ to satisfy Plaintiff's unreasonable demands at issue in

---

[11] See Exhibit J to Plaintiff's Motion to Compel (Doc. 145-11),

6

PD.6400212.7

this Motion. Thus, RPM Pizza has met its production burden as defined by Rule 33(d) and the jurisprudence interpreting same.

RPM Pizza already has assumed an incredible expense and burden in reviewing, re-reviewing and producing tens of thousands of documents in this case. Because RPM Pizza would have incurred an inordinate amount of additional costs and fees to conduct another in-depth review of the information and provide individualized responses, RPM Pizza properly invoked Rule 33(d). To be clear, it requires no unique skill or exclusive knowledge to review RPM Pizza's documents and both parties would be forced to engage in an identical series of steps to obtain the information sought. Thus, the burden upon both parties is substantially the same as required by the rule. *See Saddler*, 1980 WL 333 at *1. In contrast, Plaintiff has made no showing that the burden is higher on the Class, and the arguments that Plaintiff has asserted are otherwise inapplicable and unpersuasive.

Plaintiff states "RPM has dumped hundreds of thousands of documents in response to the discovery in no discernible order or with any search capabilities."[12] Plaintiff further states "RPM . . . failed to provide any meaningful method for searching the documents."[13] In reality, RPM Pizza produced a total of 35,486 documents (not the hundreds of thousands of documents as alleged by Plaintiff) and each in its native format.[14] Each production was accompanied by separate and distinct types of load files containing all agreed upon metadata for each and every document produced.[15]

---

[12] See Plaintiff's Motion (Doc. 145) at page 1.

[13] See Plaintiff's Memorandum in Support (Doc. 145-1) at page 3.

[14] See Declaration of Christy Andra, attached as Exhibit I.

[15] See Exhibit I.

7

Plaintiff's dispute is not with the content of RPM Pizza's productions but rather with Plaintiff's counsel's lack of understanding regarding review of native productions. It is apparent from Plaintiff's own exhibit[16] that Plaintiff has not utilized litigation support software to house, organize or interpret RPM Pizza's production. Instead, Exhibit K to Plaintiff's Motion (Doc. 145-12) clearly shows that Plaintiff's counsel simply downloaded each individual native file. If Plaintiff's counsel were using appropriate litigation support software, Exhibit K to Plaintiff's motion would have a different appearance.[17]

To be clear, Plaintiff's counsel *requested* that RPM Pizza's documents be produced in native format. In large scale litigation, the primary purpose of requesting production in native format is to allow the receiving party to load the files into litigation support software, which then gives the receiving party the ability to search its document collection.[18] Instead, it appears that Plaintiff's counsel is simply reviewing file names and downloading individual documents. RPM Pizza concedes that this process would not allow any meaningful method of searching. However, to put it bluntly, Plaintiff's counsel is doing it wrong. No one could have conceived that Plaintiff's counsel was not implementing any type of litigation support software, particularly in a case as large and document intensive as this one.

The necessity of litigation support software in document review projects is neither new nor cutting edge. "Litigation support software is designed to aid lawyers in the process of litigation and document review, and generally includes databases for organizing, searching, and reviewing discovery evidence and materials including deposition transcripts, produced

---

[16] See Exhibit K to Plaintiff's Motion to Compel (Doc. 145-12).

[17] See Exhibit I.

[18] See Exhibit I.

documents, and correspondence."[19] Litigation support software is more than commonplace as a simple Google search of "'document review' + 'litigation support software'" results in over 44,000 hits identifying thousands of various software options and capabilities.

As this Court is very well aware, litigation support software is a must for a class action of this size involving large volumes of documents. Virtually all litigation support products available today index documents, allow for full Boolean[20] searching, and allow for the organization, tagging, and analysis of native files. Each of Plaintiff's complaints regarding RPM Pizza's responses and productions could be eliminated by simply using any industry standard litigation support software. Because RPM Pizza's productions are primarily e-mails with extracted metadata, Plaintiff's counsel would have the capability to search by custodian, sender or recipient, original file location, creation or modification dates and review email messages and their attachments by conversation threads.[21] RPM Pizza should not bear further burden and expense and be required to organize and label the documents produced simply because its counsel utilizes litigation support software and Plaintiff's counsel has chosen not to do the same.

The cases cited by Plaintiff in support of the position that RPM Pizza has failed to comply with the provisions of Rule 33(d) are inapposite. For example, in *KeyBank National Association v. Perkins Rowe Associates, LLC, et al*, 2011 WL 765925 (M.D. La. 2/25/11), KeyBank filed a motion to compel seeking an order compelling defendants to provide complete responses to discovery requests propounded by the bank. In response to the requests, the defendants provided boilerplate objections and simply referred to "an undifferentiated mass of

---

[19] *Litigation Support Software Comparison Chart*, American Bar Association, February 22, 2010

[20] Act of combining specific words or combination of words using AND, OR, NOT and NEAR to limit, widen, or define your search

[21] E-mails grouped visually in chronological order by subject allowing the reader to appreciate quickly the overall structure of an entire conversation.

9

PD.6400212.7

records previously provided and/or already in plaintiff KeyBank's possession" in response to other requests  Although the court clearly recognized that a producing party has the option to produce business records in lieu of providing a narrative response under Rule 33, the court noted that certain conditions have to be met.  Not surprisingly, the court found that defendants' reference to the mass of records previously produced – without providing any additional guidance – did not comply with the applicable rules.

Plaintiff also improperly relies on *Heerden v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, et al*, 2011 WL 293758 (M.D. La. 1/27/11) in support of their argument that RPM Pizza has further obligations with the respect to the interrogatories at issue.  The *Heerden* case provides little to no discussion regarding the obligations of a producing party under Rule 33(d).  In fact, the only discussion regarding these issues is found on page two of the opinion and in a corresponding footnote.  *Id.* at *3 and *14.  However, a careful review of the cases cited in support of the *Heerden* court's statement that the producing party should direct the requesting party to "particular documents" reveals that the documents produced in those cases were not produced in native format.[22]

These two cases stand for a singular proposition:  a party cannot simply dump a mass of documents on an opposing party without more.  That did not happen in this litigation.  At Plaintiff's counsel's request, RPM Pizza has produced documents in native format with extracted metadata and load files.  This is a significant and vast departure from the cases cited by Plaintiff's counsel since the production of native files with extracted metadata and load files enables Plaintiff's counsel to search by custodian, sender or recipient, original file location,

---

[22] This is apparent because of those cases' multiple references to bates numbers – which as this Court is well aware cannot be done in a native format production.

creation or modification dates and review email messages and their attachments by conversation threads.[23]

Despite Plaintiff's assertions to the contrary, this is not a case where RPM Pizza blindly directed Plaintiff to hundreds of thousands of business records to locate the information they are seeking. Rather, RPM Pizza provided Plaintiff with tailored search terms which would enable Plaintiff to easily locate answers to the interrogatories at issue. And, any assertion or suggestion that it would be easier on RPM Pizza to locate those same answers is simply wrong.

### B. RPM Pizza's Responses Comply with Rule 34

Federal Rule of Civil Procedure 34(b)(2)(E) sets forth the parameters for producing documents or ESI in response to Requests for Production of Documents as follows:

> Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> (iii) A party need not produce the same electronically stored information in more than one form.

Here, as permitted by Rule 34(b)(2)( E), RPM Pizza produced documents as "kept in the usual course of business." Specifically, RPM Pizza produced emails and other ESI in the manner in which they were found on the hard drive of each document custodian's computer.[24] Where only

---

[23] See Exhibit I.

[24] See Exhibit I.

a hard copy of a document existed, RPM Pizza incurred additional expense in having the document scanned and OCR'd, then produced the document in an electronic format.[25]

Furthermore, RPM Pizza produced all electronic documents – as requested by Plaintiff's counsel and agreed by the parties – in native format with extracted metadata. As previously explained, because these documents were produced in native format, Plaintiff's counsel has the means to retrieve specific documents by performing targeted searches for key terms and phrases in any individual document or within the entire population, provided a litigation support software is utilized. This more than satisfies RPM Pizza's Rule 34 obligations.

Plaintiff's contention that RPM Pizza has failed to comply with Rule 34(b)(2)( E) appears to be based on a fundamental misreading of the requirement of the rule which "is phrased in the disjunctive, and the producing party may choose either of the two methods for producing the documents." *MGP Ingredients, Inc. v. Mars, Inc.,* 2007 WL 3010343 at *3 (D. Kan. 2007). "If the producing party produces documents in the usual course of business, the Rule imposes no duty to organize and label the documents, provide an index of the documents produced, or correlate the documents to the particular request to which they are responsive." Id. at *3-4. A party demonstrates that it has produced documents in the usual course by revealing information about where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files. *See Nolan, LLC v. TDC Int'l Corp.*, No. 06-cv-14907, 2007 WL 3408584, at *2 ( E.D. Mich. 2007). Because RPM Pizza has produced the requested documents in native format with extracted metadata and load files,

---

[25] See Exhibit I.

all of the above-referenced information is readily available to opposing counsel and RPM Pizza has met its burden of showing the documents were produced in the usual course of business.[26]

The rule is very clear: Once a party demonstrates that it has produced documents as they are kept in the usual course of business, it has no further duty, under Rule 34 or otherwise, to organize and label the documents. *Hagemeyer North America, Inc. v. Gateway Data Sciences Corp.*, 222 F.R.D. 594, 598 ( E.D. Wisc. 2004) ("[A]ccording to the plain language of Rule 34, a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business."). In this case, RPM Pizza has met that burden and properly invoked its right under Rule 34(b)(2)( E).[27]

### C. RPM Pizza's Specific Responses to Interrogatories are Appropriate

Plaintiff's Interrogatory No. 11 to RPM Pizza reads as follows:

> Please identify in accordance with the definitions set forth hereinabove, the telephone number(s) that you, your representative or anyone on your behalf used to send each and every automated telephone message advertisement to any phone numbers with Louisiana, Alabama, or Mississippi area codes between the dates of March 20, 2009 to the present. Please identify the subscriber for each number.

---

[26] In fact, several of the cases cited by Plaintiff in support of the Motion actually support RPM Pizza's contention that it does not owe Plaintiff any further obligations with respect to the requests at issue. For example, in *Cardenas, et al v. Dorel Juvenile Group, Inc., et al*, 230 F.R.D. 611 (D. Kan. 2005), the court recognized that a party has the right to choose the Rule 34(b) option to produce documents as they are kept in the ordinary course of business as long as the party can meet its burden of showing that the documents were in fact produced in that manner. *See also Johnson v. Kraft Food North America, Inc., et al*, 236 F.R.D. 535 (D. Kan. 6/16/06).

[27] Plaintiff also improperly relies upon *Unlimited Resources Incorporated v. Deployed Resources, LLC*, 2009 WL 1563489 (M.D. Florida 6/3/09) in support of their contention that RPM Pizza has failed to comply with the applicable provisions of Rule 34. A review of the court's holding in that case reveals that Plaintiff once again fails to appreciate the significance of the fact that the productions in this case have been made in native format with extracted metadata and load files. In the *Unlimited Resources* case, the court ordered the party to identify the responsive documents by bates number because the production was not made in native format.

RPM Pizza has appropriately responded to Interrogatory No. 11 as follows:

> In accordance with plaintiff's Instruction H(4), "[i]n lieu of identifying any document, copies thereof maybe furnished." Further answering, in accordance with Rules 33(d)(1) and 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure, RPM Pizza states that documents responsive to this interrogatory have already been produced and produced in the manner they were kept in the usual course of business. Subject to and without waiving any of the stated general objections, RPM Pizza states such documents can be found searching the metadata fields provided with all documents using the words "call list" or "human" or the sequence of "customer_ani and calldate and duration and machine".

Plaintiff's counsel asserts "[t]his search method does nothing to assist plaintiff with identifying the responsive documents. RPM has now made 15 different document productions with each production comprised of tens of thousands of documents."[28] Plaintiff's counsel further states "[t]his method requires an individual search into each of the fifteen folders of document production and does not afford an opportunity to conduct a comprehensive search of all documents."[29] This statement is false.

Because RPM Pizza provided every document in its native format with extracted metadata, "comprehensive searches of all documents" are available, albeit limited, even without the assistance of a litigation support software.[30] All extracted metadata was provided in distinct types of load files accompanying each of RPM Pizza's production. Each load file, regardless of type, can be opened in a text format. A sample extract of one load file accompanying RPM Pizza's production number four opened in NotePad is attached as Exhibit I-2. Clearly identifiable within Exhibit I-2 is the production number, attachments, the dates sent, received, created and modified, custodian, originating application (i.e., Outlook, Word, Excel) as well as the entire body of each and every document. Plaintiff's counsel could easily search one load file

---

[28] See Plaintiff's Motion (Doc. 145) at page 7.

[29] See letter from Chris Jones to Dennis Blunt dated May 2, 2012, attached as Exhibit J.

[30] See Exhibit I.

from each production or combine them into one new document allowing "comprehensive searches of all documents." Moreover, any standard litigation support software could accomplish the same task in a matter of seconds.[31]

Plaintiff's Interrogatory No. 16 to RPM Pizza reads as follows:

> For each cellular and/or residential telephone number with a Louisiana, Alabama, or Mississippi area code that you, someone acting on your behalf, or your representative sent an automated telephone message advertisement between the dates of March 20, 2009 to the present, please identify the date of each message, the script contained in each message, and the telephone numbers from which each message was sent. If you claim you cannot segregate between residential and cellular numbers, please explain why.

RPM Pizza has appropriately responded to Interrogatory No. 16 as follows:

> In accordance with plaintiff's Instruction H(4), "[i]n lieu of identifying any document, copies thereof maybe furnished." Further answering, in accordance with Rules 33(d)(1) and 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure, RPM Pizza states that documents responsive to this interrogatory have already been produced and produced in the manner they were kept in the usual course of business. Subject to and without waiving any of the stated general objections, RPM Pizza states such documents can be found searching the metadata fields provided with all documents using the words "call list" or "script" or "human" or the sequence of "customer_ani and calldate and duration and machine".

Using industry standard litigation support software, counsel for RPM Pizza was able to employ the search terms it offered with a result of 4,211 documents identified in 24 seconds.[32]

Plaintiff's Interrogatory No. 18 to RPM Pizza reads as follows:

> Please identify in accordance with the definitions set forth hereinabove, any documents, evidence, testimony, or other information or documents that show or tend to show that you, or your representative, obtained the express consent of the class representative or any other putative class member prior to transmitting to them any automated telephone message advertisement between the dates of March 20, 2009 and the present.

---

[31] Counsel for RPM Pizza was able to employ the search terms it offered with a result of 2,599 documents in 43 seconds. See Exhibit I.

[32] See Exhibit I

15

RPM Pizza has appropriately responded to Interrogatory No. 18 as follows:

> In accordance with plaintiff's Instruction H(4), "[i]n lieu of identifying any document, copies thereof maybe furnished." Further answering, in accordance with Rules 33(d)(1) and 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure, RPM Pizza states that documents responsive to this interrogatory have already been produced and produced in the manner they were kept in the usual course of business. Subject to and without waiving any of the stated general objections, RPM Pizza states such documents can be found searching the metadata fields provided with all documents using the words "opt-in" or "opt in" or "by signing up to receive text, e-mail or phone specials".

Again, using industry standard litigation support software, counsel for RPM Pizza was able to employ the search terms it offered with a result of 3,085 documents identified in 38 seconds.[33]

### D. Plaintiff is Not Entitled to an Award of Costs or Fees Under the Federal Rules

A court "must not" award expenses and fees to the moving party if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. *See* Rule 37(a)(5)(A). In this case, as outlined above, RPM Pizza has fully responded to Plaintiff's discovery requests. Accordingly, there is no basis for the requested fees and costs.

Moreover, even assuming the Court were to find supplemental responses are somehow required under Rule 33 or 34, there are certainly other circumstances in this case which make an award of expenses unjust. First, Plaintiff's Motion completely ignores how forthright RPM Pizza has been with respect to discovery in this case. For example, in order to accommodate Plaintiff's counsel, undersigned counsel agreed to (1) produce all documents in native format with extracted metadata; (2) produce documents on a two week rolling basis for the express and

---

[33] See Exhibit I

sole benefit of Plaintiff's counsel's concurrent review of those productions; and (3) re-review documents based on the issuance of Plaintiff's Third Set of Requests for Production of Documents after the parties agreed upon deadlines for the completion of RPM Pizza's document review and production.  Second, RPM Pizza already assumed an enormous expense and burden to provide Plaintiff with all of the information responsive to the discovery requests in the manner and timeframe dictated by Plaintiff's counsel.  Finally, that manner lends itself to be as equally accessible and reviewable to Plaintiff as it is to RPM Pizza.

### E. RPM Pizza Is Entitled to Its Costs and Fees For Having to Oppose Plaintiff's Unwarranted Motion.

Rule 37(a)(5)(B) provides that if the Court denies Plaintiff's Motion, it must, after giving Plaintiff an opportunity to be heard, require Plaintiff to pay RPM Pizza's reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust.

There is simply no justification for Plaintiff's Motion.  RPM Pizza produced the documents as requested by Plaintiff's counsel.  The fact that the documents were produced in native format necessarily means that Plaintiff's counsel had and has the same ability as RPM Pizza to conduct targeted searches in a matter of seconds.[34]  Plaintiff's counsel's refusal to utilize litigation support software is no justification for the expense RPM Pizza has incurred in opposing this motion.

## Conclusion

As RPM Pizza has demonstrated in this opposition, at its core, Plaintiff's Motion turns upon a basic misunderstanding of RPM Pizza's obligations under Rule 33 and 34 of the Federal Rules of Civil Procedure.  Plaintiff has not provided the Court with any authority for the

---

[34] See Exhibit I

requested relief and cannot obtain an order to compel simply because Plaintiff's counsel does not understand what is required to review a native production, or, is unwilling to incur the cost of doing so. Because RPM Pizza's objections and responses to Plaintiff's First, Second and Third Sets of Discovery Requests comply with the requirements of Federal Rules of Civil Procedure 33 and 34, the Court should deny Plaintiff's motion to compel and deny Plaintiff's request for sanctions. Furthermore, pursuant to Rule 37(a)(5)(B), RPM Pizza is entitled to recover the costs and fees it has incurred in opposing the Motion.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   /s/ Shelton Dennis Blunt
      Shelton Dennis Blunt, Bar Roll No. 21230
      Taylor S. Carroll, Bar Roll No. 28522
      Amanda W. Messa, Bar Roll No. 30108
      Laranda Moffett Walker, Bar Roll No. 31266
      II City Plaza | 400 Convention Street, Suite 1100
      Baton Rouge, Louisiana 70802-5618
      Post Office Box 4412
      Baton Rouge, Louisiana 70821-4412
      Telephone: 225-346-0285
      Telecopier: 225-381-9197
      Email: bluntd@phelps.com
            carrollt@phelps.com
            amanda.messa@phelps.com
            laranda.walker@phelps.com

ATTORNEYS FOR DEFENDANT
RPM PIZZA, LLC

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing RPM PIZZA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL was filed on this 23rd day of May, 2012 with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/ Shelton Dennis Blunt
Shelton Dennis Blunt