UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TONI SPILLMAN, Individually and as representative of the Class | * CIVIL ACTION NO. 10-349-BAJ-SCR * * |
| vs. | * JUDGE BRIAN JACKSON * |
| DOMINO'S PIZZA LLC and RPM PIZZA, LLC | * * MAGISTRATE JUDGE RIEDLINGER |

*************************************************************************

# ORDER OF PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND <u>NOTICE AND CERTIFICATION ORDER</u>

This Court conducted a hearing on the 9th day of November, 2012, in consideration of the plaintiff's Motion for Preliminary Approval of Settlement Agreement, Form, Content, and Manner of Notice Distribution and Publication, and Certification for Settlement Purposes Only. After considering (i) the Motion for Preliminary Approval of Settlement Agreement, Form, Content, and Manner of Notice Distribution and Publication, and Certification for Settlement Purposes (the "Motion"), (ii) the memorandum in support of the Motion, (iii) the SA and all related documents, (iv) the record of this proceeding, including the statements and evidence adduced at the hearing, (v) the representations and argument of Class Counsel and Counsel for RPM Pizza, LLC, Domino's Pizza LLC, and Argonaut Great Central Insurance Company ("Argonaut") (vi) the relevant law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure;

This Court hereby certifies, for settlement purposes only, a class of persons comprised as follows:

1

> All recipients of prerecorded telephone messages on a cellular telephone transmitted by or on behalf of RPM or one or more of its Domino's franchised stores between the dates of May 20, 2006 and May 20, 2010, and as further subdivided into the following two sub-classes:
>
> a. Monetary Sub-Class: All recipients of prerecorded telephone messages on a cellular telephone transmitted by or on behalf of RPM or one or more of its Domino's franchised stores between the dates of May 20, 2009 and May 20, 2010; and
>
> b. Merchandise Voucher Sub-Class: All recipients of prerecorded telephone messages on a cellular telephone transmitted by or on behalf of RPM or one or more of its Domino's franchised stores between the dates of May 20, 2006 and May 19, 2009.

In so holding, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied and that the Class is properly certified for settlement purposes only. Further, the Court finds for purposes of settlement that (a) the class members for the class are so numerous that joinder of all members is impractical; (b) there are a number of questions of law and fact common to the class which predominate over any individual questions affecting only individual class members; (c) a class action is superior to other available methods for the fair and efficient settlement of the controversy; (d) the claims and defenses of the class representative are typical of the claims and defenses of the Class; (e) the class representative has and will fairly and adequately protect the interest of the Class; (f) the Class is defined objectively in terms of ascertainable criteria, such that the Court may determine the constituency of the Class for the purposes of the conclusiveness of any judgment that may be rendered in this matter; (g) the interests of the individual class members in controlling the prosecution of separate actions is outweighed by the interest of the class as a whole in bringing this matter to a successful conclusion via the proposed settlement; (h) there are no

sizeable claims expected to be asserted by absent class members; (i) venue is proper in this Court since the Class Representative resides in this District and loss was sustained in this District; (j) a settlement class is the most judicially efficient vehicle to resolve this controversy; and (k) all current parties to the Class Action have consented to the certification of the Class for settlement purposes only.

Further, the Court has exercised its discretion in certifying the Class for settlement purposes only and has not determined whether the Class Action could properly be maintained on behalf of the Class for purposes of trial. RPM Pizza, LLC and Domino's Pizza LLC and the Related Parties have preserved all of their defenses and objections against the rights to oppose certification of the Class for litigation purposes, if the proposed settlement does not become Final in accordance with the SA and the SA is terminated for any reason.

In consideration of the Motion for Preliminary Approval of Settlement Agreement, Form, Content, and Manner of Notice Distribution and Publication, and Certification for Settlement Purposes Only, filed by the Plaintiff Class, as represented by Class Counsel, for preliminary approval of the proposed settlement of the Class Action, the evidence submitted to the Court by the parties in support of this Motion, the record of these proceedings, the recommendation of counsel for the moving parties, and the requirements of law, the Court finds that (1) this Court has jurisdiction over the subject matter and the parties to this proceeding; (2) the proposed settlement is the result of arms length negotiations between the parties; (3) it is not the result of collusion; (4) bears a probable, reasonable relationship to the exposure and risks of the settling party; and (5) is within the range of possible results if the case was litigated. Accordingly:

IT IS ORDERED that the SA and the settlement set forth therein and all exhibits attached thereto and/or to the Motion and/or submitted at the hearing for preliminary approval, be preliminarily approved by the Court as being fair, reasonable and adequate, entered into in good faith, free of collusion to the detriment of the Class, and within the range of possible results if the case was litigated.

IT IS FURTHER ORDERED that Toni Spillman is an adequate class representative and her nomination to serve in that capacity is hereby APPROVED.

IT IS FURTHER ORDERED that Philip Bohrer, Bohrer Law Firm, L.L.C. and John P. Wolff, III and Christopher K. Jones of Keogh, Cox & Wilson, Ltd. are confirmed as Co-Lead and Class Counsel.

IT IS FURTHER ORDERED that Rust Consulting, Inc. is confirmed as Claims Administrator;

IT IS FURTHER ORDERED that Shannon Wheatman and Kinsella Media, LLC is confirmed as the Notice Expert;

IT IS FURTHER ORDERED that the form and content of the Claim Form and Notice of the Proposed Settlement and Fairness Hearing and the manner and method of dissemination of Notice as set forth in the Notice Plan are hereby APPROVED;

IT IS FURTHER ORDERED that a final Fairness Hearing on the SA and the proposed settlement set forth therein, to consider comments/objections regarding the SA and the proposed settlement, as well as attorney fees and costs, as set forth therein, and to consider its fairness, reasonableness and adequacy under Rule 23 of the Federal Rule of Civil Procedure shall be conducted at the courthouse at 777 Florida Street, Baton Rouge,

4

Louisiana, 70801, Courtroom # 5, commencing on the 12th day of March, 2013, at 10:00 a.m CST. Class Counsel and Counsel for RPM Pizza, LLC and Domino's Pizza LLC shall be prepared to respond to objections, if any, and to provide other information as appropriate, bearing on whether the settlement, and all of the terms therein as provided in this SA and the related documents, should be approved;

IT IS FURTHER ORDERED that any objection by class members to the fairness or reasonableness of the proposed settlement, and all terms thereof as provided in the SA, as well as Class Counsel's application for fees and costs, will be considered if made in writing, mailed to the Clerk of Court, at the address provided below, via United States Mail, postage prepaid no later than midnight on February 10, 2013. Further, any objections must state the specific reasons for the objection, include any supporting materials, papers or briefs that the objector wishes the Court to consider, and must be served on all parties, and sent to:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Hon. Stephen Riedlinger<br>c/o Clerk of Court<br>United States District Courthouse<br>Middle District of Louisiana<br>777 Florida Street, Ste. 139<br>Baton Rouge, LA 70801<br>Attention: *Toni Spillman v. Domino's Pizza LLC and RPM Pizza, LLC,* Case No. 10-349 | Christopher K. Jones<br>Keogh, Cox & Wilson, Ltd.<br>701 Main Street<br>Baton Rouge, LA 70802 | For RPM:<br>Shelton Dennis Blunt<br>Phelps Dunbar, LLP<br>II City Plaza<br>400 Convention Street, Suite 1100<br>Baton Rouge, LA 70802<br><br>For Domino's:<br>Beth A. Levene<br>Williams & Connolly LLP<br>725 Twelfth Street, NW<br>Washington, DC 20005 |

Any class member who timely provides and serves a written objection may also appear at the fairness hearing, either in person or through personal counsel hired at the objector's expense,

to object to the fairness, reasonableness or adequacy of the proposed settlement and/or fairness or adequacy of representation and/or attorney fees and costs. Class members or their attorneys intending to appear at the Fairness Hearing must mail their Notice of Intent to Appear to the Clerk of Court for the United States District Courthouse for the Middle District of Louisiana, at the address above, via United States Mail, postage prepaid no later than March 4, 2013, and served on all parties through their counsel at the addresses above, setting forth (i) the name of the case and case number-*Spillman v. RPM*, Case No. 10-349, (ii) the name, address and telephone number of the party or class member and, if applicable, the name, address and telephone number of the attorney of such party or class member, (iii) the objection, including any supporting materials, papers or briefs that the objector wishes the Court to consider, and (vi) the name and address of any witness to be presented at the fairness hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony. Any class member who does not timely provide and serve a written objection and a notice of intention to appear, and any witness not identified in the notice of intention to appear, shall not be permitted to object or appear at the fairness hearing, except for good cause shown, and shall be deemed to have waived and forfeited, and shall be foreclosed from raising any objection to the proposed settlement made at the fairness hearing, and shall be bound by all the terms of the SA and by all other proceedings, orders and judgments by the Court.

IT IS FURTHER ORDERED that any class member may opt out of the Class Action and the Settlement Class by mailing to the Claims Administrator, addressed to *Pizza Settlement*, P.O. Box 2881, Faribault, Minnesota 55021-8681, on or before February 22, 2013

6

Case 3:10-cv-00349-BAJ-SCR   Document 227   11/09/12   Page 6 of 8

a written request to opt out, such request to opt out to be in a manner and form set forth in the Notice of the Proposed Settlement and to be filed no later than the 22nd day of February, 2013. Such a timely and valid form to opt out of the Settlement Class shall preclude such class member from participating in the proposed settlement, and such putative class member will be unaffected by the SA. Any class member who does not timely submit such valid, written request to opt out will be bound by the proposed settlement, if the proposed settlement is finally approved by the Court and the proposed settlement becomes Final. Any class member who does not submit a timely and valid, written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this matter, regardless of whether such putative class member is currently, or subsequently becomes, a plaintiff in any other lawsuit against RPM Pizza, LLC, Domino's Pizza LLC and the Related Parties, asserting any of the Released Claims.

IT IS FURTHER ORDERED that all Claim Forms must be postmarked or submitted to the Claims Administrator, Rust Consulting, Inc., either online using the claim form provided on the settlement website or addressed to *Pizza Settlement*, P.O. Box 2881, Faribault, Minnesota 55021-8681, on or before May 4, 2013;

IT IS FURTHER ORDERED that Class Counsel submit an application for fee and costs to the Court on or before March 1, 2013.

IT IS FURTHER ORDERED that this Court shall maintain continuing jurisdiction over the settlement proceedings to assure the effectuation thereof for the benefit of the Class, including distribution of settlement benefits.

IT IS FURTHER ORDERED that the RPM Class Action Qualified Settlement Fund (the "Fund") shall be established as a Qualified Settlement Fund within the meaning of Treasury Reg. Sect. 1.468B-1 and pursuant to this Court's continuing subject matter jurisdiction under Treasury Reg. Section 1.4.68B-1(c)(1). The Fund shall be administered in accordance with the Settlement Agreement.

Baton Rouge, Louisiana, November 9, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE