UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONI SPILLMAN

VERSUS

RPM PIZZA, LLC, ET AL

CIVIL ACTION

NUMBER 10-349-BAJ-SCR

# FINAL JUDGMENT

Upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement, and finding that the proposed Settlement Class fulfills all requirements for certification, in the settlement context only, and that the proposed Settlement Agreement meets the applicable criteria for final approval, the Court hereby finds and issues this Final Judgment as follows:

1. <u>Settlement Class</u>. The Court has considered the submissions of the parties with regard to class certification for settlement purposes only and has analyzed the proposed Settlement Class pursuant to Rules 23(a) and (b)(3), Fed.R.Civ.P.. The Court incorporates herein its Order of Preliminary Approval of Proposed Settlement and Notice and Certification Order (R.Doc. 227) ("Preliminary Approval Order"), in which it certified, for settlement purposes only, the following class:

> All recipients of prerecorded telephone messages on a cellular telephone transmitted by or on behalf of RPM or one or more of its Domino's franchised stores between the dates of May

1

20, 2006 and May 20, 2010, and as further subdivided into the following two sub-classes:

    a.    Monetary Sub-Class: All recipients of prerecorded telephone messages on a cellular telephone transmitted by or on behalf of RPM or one of its Domino's franchised stores between the dates of May 20, 2009 and May 20, 2010; and

    b.    Merchandise Voucher Sub-Class: All recipients of prerecorded telephone messages on a cellular telephone transmitted by or on behalf of RPM or one of its Domino's franchised stores between the dates of May 20, 2006 and May 19, 2009.

2. <u>Class Representatives; Class Counsel</u>. In the Preliminary Approval Order, Plaintiff, Toni Spillman, was designated as Class Representative and Philip Bohrer, Bohrer Law Firm, L.L.C., John P. Wolff, III and Christopher K. Jones, Keogh, Cox & Wilson were found to meet the requirements of. Rule 23(g) and were designated as Class Counsel.

3. <u>Notice</u>. Notice was published to all Class Members in conformity with the Preliminary Approval Order and comports, in all respects, with due process, and Rule 23(c).

4. <u>Approval of Settlement</u>. For the reasons given in the Fairness Hearing: Rule 23(e) Findings (R.Doc. 241), the proposed settlement between the Class Members and Defendants, including the releases provided for therein, is fair, reasonable and adequate to support final approval. The Court hereby grants final approval of the terms of the settlement, including the releases set forth therein, as set forth in the Settlement

2

Case 3:10-cv-00349-BAJ-SCR   Document 243   05/24/13   Page 2 of 4

Agreement ("SA"). The SA is incorporated herein and made a part of this Final Judgment.

5. <u>Injunction</u>. The injunctive relief negotiated by the parties as set out in the SA is made a part of this Final Judgment. RPM Pizza, LLC shall comply with the requirements of the TCPA and regulations of the Federal Communications Commission implementing the TCPA, as amended from time to time and as applicable to pre-recorded phone messages.

6. <u>Dismissal</u>. RPM Pizza, LLC and its insurer, Argonaut Great Central Insurance Company, and Domino's Pizza LLC are hereby dismissed with prejudice.

7. <u>Opt-Outs</u>. All class members who did not timely opt out of the class, and their successors or assigns, are forever barred and enjoined from instituting or prosecuting, either directly or in any other capacity, in any court or forum, any claim, complaint, action or litigation, under any state or federal law, against any dismissed party, arising out of or related to the notice of this settlement, including but not limited to the form, content or transmission of such notice.

8. <u>Administration</u>. Administration of the settlement shall proceed as set forth in the SA and the Order of Preliminary Approval. This Court retains jurisdiction over all parties and all class members for all matters relating to this litigation, including the administration, interpretation, effectuation, or enforcement of the SA and this Final Judgment.

9. <u>Distribution</u>.  All settlement proceeds shall be distributed in accordance with the SA.

10. <u>Final Judgment</u>.  The Court finds that under Rule 54(b), Fed.R.Civ.P., there is no just reason for delay and orders that this judgment be entered by the clerk of court as a final judgment.

Baton Rouge, Louisiana, May 24, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE